UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

COURTNEY ALSTON,           :
     Plaintiff,           :
                            :
v.                          :     No. 3:14CV132 (DJS)
                            :
GREG JARRELL,             :
     Defendant.          :

<u>RULING ON MOTION TO DISMISS</u>

In his Amended Complaint, the plaintiff Courtney Alston ("Alston") alleges violations of the Fair Housing Act, the Americans with Disabilities Act, and various Connecticut state statutes by the defendant Greg Jarrell ("Jarrell").[1] Now pending before the Court is a motion to dismiss filed by Jarrell. For the reasons stated below, the defendant Jarrell's motion to dismiss (doc. # 47) is granted.

## I. PROCEDURAL HISTORY

Alston filed his original Complaint on January 31, 2014. On that same day he filed a motion for leave to proceed *in forma pauperis*. On February 6, 2014, United States Magistrate Judge Margolis issued a Ruling on Plaintiff's Motion for Leave to Proceed in Forma Pauperis. (Doc. # 8). In her Ruling, Judge Margolis indicated that "while plaintiff alleges jurisdiction under the Fair Housing Act, the substance of his claim is a challenge to a default judgment in a housing case brought by the defendant against plaintiff, eviction proceedings, and discrimination against plaintiff in small claims court." (*Id.* at 2) (internal quotation marks and alterations omitted).

---

[1]The plaintiff also names Jarreall-Estate, LLC as a defendant. There are no factual allegations in the Amended Complaint specific to the entity Jarreall-Estate, LLC separate and apart from the individual Greg Jarrell, however, and the plaintiff repeatedly refers to Greg Jarrell as "the defendant." For purposes of this Ruling, the Court refers to Greg Jarrell as the defendant.

Judge Margolis advised Alston that to the extent his federal action sought review of the state housing court and small claims court decisions, such review was precluded by the *Rooker-Feldman* doctrine.[2] Alston was given the opportunity to amend his complaint and he filed an Amended Complaint on February 19, 2014. (Doc. # 12).  Jarrell filed his motion to dismiss on July 8, 2014.

## II. FACTS

The plaintiff is pursuing his action on a pro se basis and the facts set forth in the Amended Complaint are presented in a somewhat disjointed fashion. Nonetheless, the Court believes it has an adequate understanding of Alston's factual allegations. The Court is also guided by the principle that for purposes of determining a motion to dismiss it must "accept[] all factual allegations in the [amended] complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

At all times pertinent to this action, the defendant Jarrell was the owner of a single-family home located at 57 Litchfield Street, Hartford, Connecticut ("57 Litchfield Street") that he used as a source of rental income. Maggie Alston Claud, who is the mother of both the plaintiff and the defendant, had previously transferred ownership of 57 Litchfield Street from herself to Jarrell by means of a quitclaim deed.   Jarrell had difficulty renting the property because he would not allow tenants to raise the heat above 65 degrees regardless of weather conditions, and the home's fireplace was not usable.  Jarrell had neglected the upkeep of  57 Litchfield Street and it was at risk of foreclosure.

---

[2]The *Rooker-Feldman* doctrine "divests federal courts of jurisdiction to consider suits which seek to overturn state court judgments." *Fernandez v. Turetsky*, No. 12-cv-4092 (SLT) (MDG), 2014 U.S. Dist. LEXIS 157817, at *10 (E.D.N.Y. Nov. 7, 2014).

In October 2011 Alston and Claud advised Jarrell to transfer ownership of 57 Litchfield Street to Alston and Jarrell agreed that he would transfer ownership of the property to Alston. Claud informed Alston that he would need to pay Jarrell $200.00 per week until the deed transferring ownership of the property from Jarrell to Alston was processed. Alston, his wife, and their minor child subsequently moved into the house at 57 Litchfield Street.[3] No party has provided the Court with a written lease concerning rental of 57 Litchfield Street by Alston, but it does appear that the parties agreed to a weekly rental payment of $200.00.

In January 2013 Alston and Jarrell had an argument about whether Jarrell had properly serviced Claud's Jaguar automobile. On January 5, 2013, Jarrell became enraged when Claud stated that in the future she would rely exclusively on Alston for the selection and servicing of her cars. Jarrell, who was in his own car at the time, sped away quickly, and, in doing so, struck Alston with his car. On January 6, 2013, and again on January 8, 2013, Jarrell contacted Alston's probation officer and made false accusations against Alston.

In early January 2013 Claud directed Alston to contact Cecil Alston ("Cecil"), an uncle who provided heating services and repairs, and ask him to check the furnace at 57 Litchfield Street. At that time there was little or no heat in the house. Cecil told Alston that he would not service the furnace at 57 Litchfield Street because of an unpaid balance owed to Cecil by Jarrell for work performed on other property owned by Jarrell. Claud then agreed to pay Cecil cash on delivery for the cost ($170.00) of servicing the furnace at 57 Lichfield Street. On or about January 11, 2013, Cecil proceeded to service and repair the furnace at 57 Litchfield Street and

---

[3]It is not clear from the parties' filings exactly when Alston and his family moved into the house at 57 Litchfield Street.

informed Claud that the furnace had not been serviced in years. A copy of Cecil's invoice, which indicated that the bill had been paid in full by the tenant, was sent to Jarrell.

On January 12, 2013, Jarrell sent a written communication to Alston and his family advising them that the work performed on the furnace by Cecil was unauthorized by Jarrell and constituted a breach of the "lease."  He also stated that "any further incidents will lead to the Eviction Process." (Doc. # 1-1, at 23).

At some point Alston informed Jarrell that the February 2013 rent payment would be late. On February 21, 2013, Jarrell signed a receipt reflecting a payment to him by Alston's wife of $1,150.00. That same receipt also indicates an outstanding balance due of $1,200.00 (*Id.* at 34). On February 22, 2013, Jarrell executed a Notice to Quit informing Alston and his family that they were required to quit occupancy of 57 Litchfield Street by March 10, 2013, because of non-payment of rent and a breach of the lease. The Notice to Quit also advised Alston that if he and his family did not move out of 57 Litchfield Street by March 10, 2013, an eviction action might be started against them.

On March 18, 2013, Jarrell filed a summary process action against Alston, his wife, and their minor child. The stated reason for the action was non-payment of rent. By March 30, 2013, Alston and his family had moved out of 57 Litchfield Street and into a new residence. According to Alston, Jarrell advised Claud that because Alston and his family had moved out of 57 Litchfield Street, the Housing Court matter was now settled and there was no need for Alston to appear in the Housing Court. On April 11, 2013, the Housing Court sent  notice of a scheduled hearing to all parties to the summary process action. Alston and his family, relying on the information provided by Claud, did not appear at the scheduled hearing. Alston further alleges he

-4-

was advised by the Housing Court's clerk's office that "if the tenants were already moved out of the property, there was nothing to do, the matter was closed." (Doc. # 12, at 11).  The Housing Court subsequently granted motions for default for failure to appear filed by Jarrell and on May 10, 2013, entered judgment in his favor in the amount of $3,300.00 for non-payment of rent.

On June 21, 2013, Jarrell filed an action in small claims court seeking execution of the judgment that had previously been granted by the Housing Court. Although Alston's wife and minor child were named as defendants in the small claims action, Alston himself was not. Following a hearing, judgment entered in favor of Jarrell on January 15, 2014. The court ordered monthly payments to Jarrell in the amount of $100.00 starting on February 14, 2014. (Doc. # 1-2, at 33). Alston obviously takes issue with the judgment of the small claims court. As characterized by him, the "[s]mall claims court clerks' office and or [a] certain Magistrate appears to be incompetent or forgot how to be fair and reasonable when performing their Duties." (Doc. # 12, at 11).

III. DISCUSSION

A. Standard

As noted by Judge Margolis in her Ruling on Plaintiff's Motion for Leave to Proceed in Forma Pauperis, 28 U.S.C. § 1915 provides that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . ." 28 U.S.C. § 1915 (e)(2)(B)(ii). "A complaint must be dismissed if it does not plead 'enough facts to state a claim for relief that is plausible on its face.'" *Brown v. Daikin America Inc.*, 756 F.3d 219, 225 (2d Cir. 2014) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

-5-

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v Iqbal*, 556 U.S. 662, 678 (2009). For purposes of determining facial plausibility, "the

tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to legal conclusions. Threadbare recitations of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Id.*

### B. Facial Plausibility of Amended Complaint

In his Amended Complaint Alston alleges violations of the Fair Housing Act. The Fair

Housing Act prohibits, among other things, discrimination in the terms, conditions, or privileges

of the rental of housing, "*because of* . . . familial status," or "*because of* a handicap" of a person

residing in the rental housing. 42 U.S.C.  §§ 3604 (a), 3604 (f) (emphasis added). The Amended

Complaint alleges that Alston and his family were subject to harsh conditions while they were

renting the house located at 57 Litchfield Street, e.g., not being allowed to raise the temperature

above 65 degrees. The Amended Complaint does not, however, plead factual content that allows

the Court to draw the reasonable inference that Alston and his family were discriminated against

in the terms, conditions, or privileges of rental *because of* either familial status or a handicap.

Indeed, the Amended Complaint indicates that all tenants who rented the house located at 57

Litchfield Street were subjected to these harsh conditions, regardless of familial status or

handicap: "The Defendant had extreme difficulty renting the 57 Litchfield Street property

because the defendant would not allow tenants to turn up the heat over 65 degrees, no matter how

cold the weather would be . . . ." (Doc. # 12, at 1). "The contractor [Cecil Alston] stated the

furnace has not been serviced since he put it in 5 years ago and was in a dangerous condition."

(*Id*. at 8).

The Amended Complaint also alleges specific retaliatory acts taken by Jarrell against Alston, e.g., contacting Alston's probation officer to make false accusations against him. Even if it were assumed that these acts could constitute terms, conditions, or privileges of rental, the Amended Complaint does not plead factual content that allows the Court to draw the reasonable inference that these retaliatory acts were taken because of either familial status or a handicap. The factual context of these acts, as set out in the Amended Complaint, makes it clear that they relate to an ongoing family dispute involving the plaintiff, the defendant, and their mother.

While the facts alleged in the Amended Complaint might state a plausible claim that Jarrell was a bad landlord, or even a bad brother, they do not state a plausible claim for relief under the Fair Housing Act. Since the Amended Complaint "fails to state a [Fair Housing Act] claim on which relief may be granted," the Fair Housing Act claims must be dismissed.  28 U.S.C. § 1915 (e)(2)(B)(ii).

The Amended Complaint also alleges violations of the Americans with Disabilities Act ("ADA") in connection with the rental of the house located at 57 Litchfield Street. The ADA prohibits, among other things, discrimination on the basis of disability in public accommodations. Pursuant to 42 U.S.C. § 12181 (7)(A), the term "public accommodation" includes "an inn, hotel, motel, or other place of lodging . . . ." "However, the legislative history of the ADA clarifies that 'other place of lodging' does not include residential facilities." *Independent Housing Services of San Francisco v. Fillmore Center Associates*, 840 F. Supp. 1328, 1344 n.14 (N.D. Cal. 1993). "Because [the plaintiff] is alleging discrimination in connection with a place of residence, he fails to state a claim that is subject to the ADA under the public accommodation

-7-

provision of that act." *Reid v. Zackenbaum*, No. 05-CV-1569 (FB), 2005 U.S. Dist. LEXIS 17177, at *12-13 (E.D.N.Y. Aug. 17, 2005).

Even if the rental of 57 Litchfield Street were subject to the ADA, the Amended Complaint would fail to state a plausible claim for relief under the ADA for the same reasons that it fails to state a plausible claim for relief under the Fair Housing Act, i.e., the Amended Complaint does not plead factual content that allows the Court to draw the reasonable inference that Alston and his family were discriminated against in connection with the rental of 57 Litchfield Street on the basis of a disability. *See Drazen v. Town of Stratford*, No. 09cv896 (WWE), 2013 U.S. Dist. LEXIS 47908, at *12 (D. Conn. April 2, 2013), *vacated in part*, 2013 U.S. Dist. LEXIS 113870 (D. Conn. Aug. 13, 2013) ("Courts apply parallel analysis to FHA and ADA claims, with the exception that the FHA applies only to a 'dwelling.'"). Since the Amended Complaint "fails to state a claim [under the ADA] on which relief may be granted," the ADA claims must also be dismissed. 28 U.S.C. § 1915 (e)(2)(B)(ii).

The Amended Complaint also raises claims under various Connecticut statutes. Because the Court has determined that all of the federal claims must be dismissed, however, this case will be dismissed in its entirety. *See Weissbrod v. Housing Part of the Civil Court of the City of New York*, 293 F. Supp. 2d 349, 355 (S.D.N.Y. 2003) (internal quotation marks omitted) ("because all of the claims over which this Court potentially might have had original jurisdiction are subject to dismissal, the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims"). In dismissing Alston's state law claims along with his federal claims, the Court expresses no view as to the merits of the state law claims. Alston may wish to pursue any state law claim he believes he has in state court .

-8-

CONCLUSION

For the reasons stated above, the defendant Jarrell's motion to dismiss (**doc. # 47**) is

**GRANTED**. The Clerk is directed to close this case.

**SO ORDERED** this 30th day of January, 2015.

_____/s/ DJS_____
DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE